UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY PIERCE,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:21-cv-00007 (VLB) |
| | : |
| RODRIGUEZ, DISTRICT<br>ADMINISTRATOR, et al.,<br>    Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER ON AMENDED COMPLAINT

On January 4, 2021, Plaintiff Jeffrey Pierce, an inmate currently confined at the Department of Correction ("DOC") Osborn Correctional Institution ("Osborn") in Connecticut, brought this complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging that District Administrator Rodriguez, Warden Guadarrama, Deputy Warden Vasquez, Administrative Captain Colon, and Captain/Unit Manager Perez acted with deliberate indifference to his exposure to cold temperatures in violation of the United States Constitution's Eighth Amendment. [ECF No. 1 (Compl.)]. As Plaintiff seeks damages and declaratory and injunctive relief, the Court has construed his claims as being brought against each defendant in his or her individual or official capacities. *Id.* at 6.

On initial review, the court permitted Plaintiff's Eighth Amendment claims based on his exposure to the cold to proceed against Warden Guadarrama and Captain Colon in their individual and official capacities. [ECF No. 8 (IRO)]. The court dismissed the claims against Rodriguez, Vasquez, and Perez without prejudice to refiling an amended complaint and advised Plaintiff that he must

allege specific facts describing each Defendants' personal involvement in any constitutional violation.  *Id.* at 8.  On April 12, 2021, Plaintiff filed an amended complaint against the same defendants, alleging violation of his Eighth Amendment rights due to deliberate indifference to the cold and to his safety. [ECF No. 15 (Am. Compl.)].

The Court has reviewed the amended complaint under 28 U.S.C. § 1915A and does not herein repeat either the legal standard for conducting such review, the provisions or law relevant to the standards for Eighth Amendment deliberate indifference or the requisite allegation of personal involvement for a plausible claim under 42 U.S.C. § 1983.

For initial review purposes, the Court concludes that Plaintiff's amended complaint sufficiently suggests plausible claims that District Administrator Rodriguez, Warden Guadarrama, Deputy Warden Vasquez, Administrative Captain Colon, and Captain/Unit Manager Perez acted with deliberate indifference to his exposure to cold temperatures after he complained to them about the windows being open during cold weather.  [ECF No. 15 ¶¶ 11-43, 48, 33].  Plaintiff's request for an injunctive order for the windows to be closed and unit fans be used instead may proceed against the defendants in their official capacities as Plaintiff has alleged an ongoing Eighth Amendment violation based on his exposure to the cold.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002).

Plaintiff has also alleged that he was physically attacked while trying to close a window and that inmates were threatening him with bodily injury after

being informed by correctional staff that Plaintiff had gotten the heat turned on. [ECF No. 15 ¶¶ 18, 37, 45].  Upon review, the court concludes that Plaintiff's allegations are sufficient to suggest that Defendants Guadarrama, Perez, and Colon acted with deliberate indifference to his safety, although they were made aware that Plaintiff had received threats of harm from other inmates.  *Id.* ¶¶ 37, 39, 40, 41.

Plaintiff has alleged that he informed Warden Guadarrama about retaliatory acts taken by correctional staff who allegedly informed other inmates about Plaintiff being responsible for the heat being turned on and who allegedly made retaliatory comments[1] about Plaintiff's refusal to be tested for COVID-19.  *Id.* ¶¶ 37, 51.  To the extent he seeks to assert a First Amendment retaliation claim against the Warden, Plaintiff has not plausibly alleged that Warden Guadarrama had any direct personal involvement in taking adverse action against him due to his exercise of protected speech.  *Brandon v. Kinter*, 938 F.3d 21, 40 (2d Cir. 2019); *see also Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (to "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of

---

[1] Plaintiff does not allege the specific nature of the retaliatory comments made by correctional staff after Plaintiff refused his take a COVID-19 test but his inmate request only indicates that the correctional staff stated that "DOC Administration was sick of Inmate Pierce complaining" and that he would receive severe consequences if he continued to refuse to take the COVID-19 test.  *See* [ECF No. 15 at ¶ 51 (Am. Comp.)]; [ECF No. 15-1 at 55 (ex. BB-1)].  However, "[v]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under section 1983." *Cane v. New Britain Police Dep't*, No. 3:16-CV-1638 (SRU), 2017 WL 752278, at *3 (D. Conn. Feb. 27, 2017) (internal quotation

the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

## ORDERS

The Court enters the following orders:

**(1)** The case shall proceed on the Plaintiff's claims of Eighth Amendment deliberate indifference to his exposure to the cold against Warden Guadarrama, District Administrator Rodriguez, Deputy Warden Vasquez, Administrative Captain Colon, and Captain/Unit Manager Perez in their individual and official capacities; and on his claims of Eighth Amendment deliberate indifference to his safety against Defendants Guadarrama, Perez and Colon in their individual capacities.[2]  Defendants Guadarrama and Colon have already been served.

**(2)** The clerk shall verify the current work addresses for Defendants Deputy Warden Vasquez, Captain Perez, and District Administrator Rodriguez with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint to them at their confirmed addresses within twenty-one (21) days of this Order, and report on the status of the waiver request on the thirty-fifth (35th) day after mailing.  If a Defendant fails to return the waiver request, the clerk shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on that Defendant, and that Defendant shall

---

omitted).

[2] **This initial review order is without prejudice to the filing of a motion to dismiss or motion for summary judgment on the basis of the merits or failure to satisfy the Prisoner Litigation Reform Act exhaustion requirement.**

be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal Service is directed to effect service of the amended complaint and this Order on Defendants Deputy Warden Vasquez, Captain Perez, and District Administrator Rodriguez in their official capacities at the Office of the Attorney General, 165 Capitol Avenue, Hartford, CT 06106, within twenty-one (21) days from the date of this Order and to file a return of service within thirty (30) days from the date of this Order.

(4) The clerk shall mail a courtesy copy of the amended complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(5) Defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. Defendants may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed within six months (180 days) from the date of this Order. Discovery requests need not be filed with the Court.

(7) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the

Court.  The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(8) All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

(9) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)  If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  He should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  He should also notify Defendants or defense counsel of his new address.

(11) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f).  Therefore, discovery requests must be served on defendant's counsel by regular mail.

                                            _____
                                            **Vanessa L. Bryant**
                                            **United States District Judge**

**SO ORDERED at Hartford, Connecticut this 2nd day of June 2021.**